UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LARRY DONNELL GIBBS § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:21-CV-87 |
| § | |
| BOBBY LUMPKIN, *TDCJ-CID* § | |
| *DIRECTOR* § | |

# ORDER

Pursuant to 28 U.S.C. § 2254, Larry Donnell Gibbs has filed an application for federal habeas relief (Dkt. No. 1). Respondent Bobby Lumpkin, Director of the Texas Department of Criminal Justice – Correctional Institutions Division (the "Director"), has filed a response and supplemental briefing (Dkt. Nos. 15, 24, 30). For the reasons below, Gibbs's application (Dkt. No. 1) is **DENIED**. A certificate of appealability is also **DENIED**.

## I.   BACKGROUND

In 2016, a jury convicted Gibbs of robbery. *See Gibbs v. State*, No. 04-18-2-CR, 2019 WL 7196608, at *1 (Tex. App.—San Antonio Dec. 27, 2019, no pet.). During the trial's penalty phase, the jury assessed an imprisonment term of 47 years, and the trial judge signed a judgment consistent with the jury's verdict. *Id.* Gibbs then filed a direct appeal, and the Texas Court of Appeals (TCOA) affirmed his conviction. *Id.*

On appeal, the TCOA also rejected two ineffective assistance of counsel (IAC) claims. *Id.* at *7–8. In so ruling, the TCOA did not find Gibbs's counsel ineffective when he did not object to certain comments during voir dire. *Id.* It also found Gibbs had not shown IAC with respect to counsel's investigation of the case. *Id.* at *8. As

for Gibbs's remaining IAC claims, the TCOA noted Gibbs had inadequately briefed his arguments and declined to address them. *Id.*

After the TCOA issued its judgment, Gibbs did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA) (Dkt. No. 16-34). However, Gibbs sought state habeas relief from the TCCA, which was denied without a written order (Dkt. No. 17-17; Dkt. No. 17-21 at 49–73). Gibbs now seeks federal habeas relief (Dkt. No. 1). In so doing, Gibbs raises a panoply of arguments.

## II. LEGAL STANDARD

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state court's adjudication of an issue on the merits is entitled to deference." *Hurdsman v. Lumpkin*, No. 22-10280, 2023 WL 4043931, at *1 (5th Cir. June 15, 2023) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). Because of this deference, a prisoner cannot obtain federal habeas relief unless he shows the state court arrived at a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *Id.* A decision is contrary to clearly established federal law if its legal conclusion is in direct conflict with a prior Supreme Court decision or if it reaches a different conclusion than the Supreme Court despite materially indistinguishable facts. *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08 (2000)). Additionally, a state prisoner can obtain federal habeas relief if he demonstrates the state court based its decision on an unreasonable determination of facts. *Id.*

Before obtaining federal review of a habeas claim, a state prisoner must fully

exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). A Texas prisoner satisfies the exhaustion requirement if he presents his claim to the TCCA through a PDR or a state habeas application. *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019).

For an unexhausted claim, a prisoner can only obtain federal review if he can show (1) cause and actual prejudice for the procedural default, or (2) the failure to consider the claim "would result in a fundamental miscarriage of justice." *Elizalde*, 362 F.3d at 328–29. If a prisoner does not explain why he failed to present a claim to the TCCA, he has not carried his burden to show cause and prejudice for the procedural default. *See, e.g.*, *Roberts v. Davis*, No. 4:17-cv-3770, 2019 WL 1509143, at *2 (S.D. Tex. Mar. 14, 2019), *R. & R. adopted*, 2019 WL 1510947 (S.D. Tex. Apr. 5, 2019). To demonstrate a miscarriage of justice, a prisoner must furnish new, reliable evidence that would establish actual innocence. *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014).

## III.  DISCUSSION

The Court has reviewed the record, briefs, and applicable authorities. Assuming, without deciding, that Gibbs's § 2254 application is timely, the Court finds Gibbs cannot obtain federal habeas relief.[1] Because Gibbs has not furnished any new evidence, the Court will not discuss the "actual innocence exception" to procedural default.

---

[1] The parties dispute whether Gibbs should benefit from equitable tolling. Gibbs contends, *inter alia*, that due to a stabbing and his resultant hospitalization, the Court should consider his § 2254 application timely (Dkt. No. 21 at 2–3). The Director disagrees (Dkt. No. 24 at 2).

## A. Insufficiency of the Evidence

First, Gibbs argues the evidence presented at trial could not legally sustain a conviction (Dkt. No. 1 at 6, 10–13). Because Gibbs exhausted this claim, the Court will assess its merits (Dkt. No. 17-21 at 64).

When a state prisoner challenges the sufficiency of the evidence in a federal habeas proceeding, the district court must reject the claim if, "after viewing the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements proven beyond a reasonable doubt." *Russell v. Lumpkin*, 827 F. App'x 378, 388–89 (5th Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis original). For the reasons stated by the TCOA, a rational jury could have found Gibbs guilty of robbery beyond a reasonable doubt. *See Gibbs*, 2019 WL 7196608, at *3–4. Ample evidence supported Gibbs's conviction. Witnesses identified him with "100%" certainty; Gibbs's height, weight, and age were consistent with descriptions supplied to the police; the clothes Gibbs wore when he was arrested matched the clothing seen in video footage of the robbery; Gibbs's shoes bore the same footprint as that found at the scene of the robbery; and footage indicated that Gibbs had canvassed the crime scene before the robbery occurred. *Id.* Viewing this evidence in the light most favorable to the State, any trier of fact could have convicted Gibbs. Accordingly, he cannot obtain federal habeas relief on his insufficiency-of-the-evidence claim.

## B. Due Process Violation

Next, Gibbs argues the State committed four due process violations during his trial (Dkt. No. 1 at 6, 13–14). He believes the violations occurred when: (1) the State

explained Texas's repeat offender statute during voir dire, (2) the State introduced Gibbs's mugshot at trial, (3) the State elicited testimony that Gibbs committed other robberies, and (4) the State informed the jury of Gibbs's prior convictions (Dkt. No. 1 at 6, 13). All arguments fail. Because Gibbs exhausted his first two due process arguments, the Court will address their merits (Dkt. No. 17-21 at 62–63; Dkt. No. 17-17).

### *1. Discussing Texas's Repeat Offender Statute During Voir Dire*

In Texas, juries can assess punishment. *See* Tex. Code Crim. Proc. art. 37.07, § 2(b); *Ivey v. State*, 277 S.W.3d 43, 47 (Tex. Crim. App. 2009). Because juries can decide a defendant's sentence, Texas law allows attorneys to question a jury panel on the full range of punishment a defendant could face—including enhanced punishments based on prior convictions. *Britton v. State*, No. 01-19-367, 2020 WL 4006365, at *3 (Tex. App.—Houston [1st Dist.] July 16, 2020, pet. denied) (citing *Martinez v. State*, 588 S.W.2d 954, 956 (Tex. Crim. App. 1979)). "There are limits, however, on such an examination." *Id.* Although a prosecutor can inform the jury panel about a potential enhancement based on a prior conviction, the prosecutor cannot read any specific allegation in the enhancement paragraph of the indictment. *Id.* The Court is aware of no Supreme Court case that has invalidated these longstanding state principles. Nor has Gibbs pointed to any. *See Thompson v. Thaler*, 432 F. App'x 376, 379–380 (5th Cir. 2011) (rejecting due process argument because applicant "[did] not point to a Supreme Court case" holding the purported error violated federal constitutional law).

Here, the trial transcript shows the State merely questioned the panel about

different punishment ranges a defendant could face and whether the potential jurors could apply this aspect of the law (Dkt. No. 16-17 at 100–14). At no point did the State read the enhancement paragraphs of Gibbs's indictment. Accordingly, the record shows the State did not violate Texas law, let alone clearly established federal law announced by the Supreme Court. Gibbs cannot obtain federal habeas relief on this claim. *See Misner v. Quarterman*, No. 5:07-cv-177, 2008 WL 2465351, at *13–15 (W.D. Tex. June 17, 2008) (denying § 2254 application raising similar voir dire argument); *Hooker v. Quarterman*, No. 4:05-cv-2161, 2006 WL 2524089, at *12–13 (S.D. Tex. Aug. 30, 2006) (same).

### 2. Admitting Gibbs's Mugshot at Trial

A prisoner cannot use § 2254 to challenge a state court's application of state evidentiary rules. *Lucio v. Lumpkin*, 987 F.3d 451, 472 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 404 (2021). However, if the State wrongfully admits evidence that is "so unduly prejudicial that it renders the trial fundamentally unfair," a prisoner can obtain habeas relief under the Due Process Clause of the Fourteenth Amendment. *Payne v. Tennessee*, 501 U.S. 808, 825 (1991); *Thompson*, 432 F. App'x at 379. Texas appellate courts have long held that if the defense places identity at issue, the trial court can admit mugshots into evidence. *See, e.g.*, *Hopkins-McGee v. State*, No. 01-19-475-CR, 2020 WL 7251452, at *8 (Tex. App.—Houston [1st Dist.] Dec. 10, 2020, no pet.); *Davis v. State*, 786 S.W.2d 77, 78 (Tex. App.—Beaumont 1990, pet. denied); *Laws v. State*, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977).

During Gibbs's his trial, the State admitted two mugshots of him without objection, and Gibbs placed identity at issue (Dkt. No. 16-19 at 37, 98; Dkt. No. 16-22

at 89; Dkt. No. 16-23 at 41; Dkt. No. 16-20 at 45). Contrary to Gibbs's position, under Texas law, the trial court properly admitted this evidence. *See Davis v. State*, 786 S.W.2d at 78. Although Gibbs believes the mugshots' admission violates his federal due process rights, Gibbs's argument plainly attempts to challenge the state court's application of state evidentiary law. Such arguments are not cognizable in a § 2254 proceeding. *Lucio*, 987 F.3d at 472. Moreover, the Court is aware of no Supreme Court case invalidating this body of Texas law, and Gibbs has not pointed to any. *Thompson*, 432 F. App'x at 379–380. Because Gibbs has not satisfied his burden to establish a due process violation, he cannot obtain federal habeas relief on this claim.

### *3. Testimony About Other Robberies and Prior Convictions*

As for Gibbs's remaining due process arguments, he did not raise them in a PDR or in his state habeas application (Dkt. Nos. 16-34, 17-21). Nor does he explain why he failed to raise these arguments before the TCCA. Because Gibbs has not shown cause and prejudice for his procedural default, Gibbs's third and fourth due process arguments are unexhausted and precluded from federal habeas review. *See Wheelock v. Lumpkin*, No. 5:22-cv-310, 2023 WL 3741638, at *3–4 (W.D. Tex. May 31, 2023).

### **C. IAC Claims**

Finally, Gibbs raises numerous IAC claims (Dkt. No. 1 at 7, 15–17). They are all without merit.

To prevail on an IAC claim, a prisoner must demonstrate constitutionally deficient performance and prejudice. *United States v. Slape*, 44 F.4th 356, 359 (5th Cir. 2022). To demonstrate prejudice, a prisoner cannot offer a conclusory statement.

*See Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009). Rather, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Valas*, 40 F.4th 253, 260 (5th Cir. 2022) (quoting *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). "The likelihood of a different result must be substantial, not just conceivable." *United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020) (quoting *Harrington*, 562 U.S. at 112). If a prisoner has not carried his burden on the prejudice prong, the district court need not assess whether counsel's performance was constitutionally deficient. *United States v. Lagos*, 25 F.4th 329, 335 (5th Cir. 2022).

Here, all of Gibbs's IAC arguments are conclusory. Indeed, most of his IAC claims are one sentence in length: "Counsel never sought to obtain the services of an identification expert. . . . Counsel only met with [Gibbs] 2–3 times before trial. Counsel failed to adequately prepare for trial" (Dkt. No. 1 at 16–17).[2] Because his IAC claims are threadbare, Gibbs has not satisfied the prejudice prong. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) ("[U]nsupported claims regarding the uncalled expert witness are speculative and disfavored by this Court[.]"); *Swanger v. United States*, No. 5:21-cv-100, Dkt. No. 34 at 7 (S.D. Tex. May 1, 2023) ("These statements are too threadbare. It is unclear how additional communication would have altered [counsel's] performance, and in turn, how that would have altered the trial's results."); *Kroma v. United States*, No. 4:18-cv-823, 2021 WL 2229733, at *9

---

[2] Gibbs's other IAC claims include the following: failure to obtain a forensic examination of a shoeprint, failure to cross-examine a witness, failure to conduct an independent investigation of Gibbs's case, failure to put on any evidence or call any witnesses, failure to object to a detective's testimony, failure to suppress an out-of-court identification, and failure to raise an argument about fingerprint evidence (Dkt. No. 1 at 7, 15–17).

(E.D. Tex. Mar. 2, 2021), *R. & R. adopted*, 2021 WL 2229746 (E.D. Tex. June 2, 2021) ("A defendant's claim that her trial counsel failed to investigate her case cannot be upheld where the allegation is too speculative[.]").

## IV. CONCLUSION

For the foregoing reasons, Gibbs's § 2254 application (Dkt. No. 1) is **DENIED**. Because reasonable jurists would not find the Court's rulings debatable, a certificate of appealability is also **DENIED**. *See Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003); *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022). The Court will enter final judgment under separate cover.

It is so **ORDERED**.

**SIGNED** August 21, 2023.

Marina Garcia Marmolejo
United States District Judge